UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:03-cr-00220-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| DUSTIN HOLM, | |
| Defendant. | |

Before the Court is Defendant Dustin Holm's Motion to Amend/Correct Sentence brought pursuant to Federal Rule of Criminal Procedure 35 (Dkt. 91) and the nearly identical Petition to Correct an Illegal Sentence pursuant to Rule 35 (Dkt. 92). Having reviewed the record, the Motion and Petition, letters of support (Dkt. 94), and Government's Response (Dkt. 93), the Court enters the following Order granting the Motion and mooting the Petition.

## BACKGROUND

On December 21, 2004, Defendant pleaded guilty to Counts 1, 2, 3, 7, and 9 of the Second Superseding Indictment charging Mailing Threatening

Communications in violation of 18 U.S.C. 876(c). Dkt. 68. Paragraph IV.A of the

Plea Agreement indicated that each Count was punishable by a term of

imprisonment of five (5) years to be served concurrently with each other and

consecutively to his pending State sentence. *Id*. at 3 (ECF 68 at 5). The Criminal

Charging Information on the Criminal Coversheet attached to the Second

Superseding Indictment indicates a maximum penalty of five years incarceration

on each Count. Dkt. 29 at 5. However, the Judgment entered on December 2, 2005,

reflects an imposed sentence of 66 months on each count – above the statutory

maximum.

Defendant moves until Rule 35 for a sentence correction to 60 months per

Count. The Government believes that the 66 months in the Judgment is a

typographical error and does not object to the Court's issuing an Amended

Judgment under Rule 35 to correct the error. *Response*, Dkt. 93 at 2-3.

## DISCUSSION

The Court agrees that the Judgment contains an inadvertent typographical

error. Because the only appeal was of the denial of Defendant's Motion for

Recusal, the error was only recently discovered as the commencement of

Defendant's service of his federal sentence drew near. However, the Court finds

that Rule 35 is not the appropriate vehicle for obtaining the relief Defendant seeks.

**MEMORANDUM DECISION AND ORDER - 2**

Rule 35(a) provides that "*Within 14 days after sentencing*, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a) (emphasis added). The 14-day deadline is jurisdictional, and a court cannot amend a sentence after the 14 days have elapsed. *See United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011). In contrast, Rule 36 contains no time limit and provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment . . . ." Fed. R. Crim. P. 36. The Government has notice of Defendant's request to correct his Judgment and has no objection to the Court's doing so. *See, e.g.*, *United States v. Singleton*, 2023 WL 7003696 (N.D. Cal. Oct. 23, 2023) at *2 (Rule 35(a) deadline had passed and the government did not object to correction of error under Rule 36). The Court likewise agrees that this obvious clerical or typographical error can and should be corrected pursuant to Rule 36, now that it has been brought to its attention.

## ORDER

**IT IS HEREBY ORDERED that:**

1.      Defendant's Motion to Amend/Correct Sentence (Dkt. 91) is **GRANTED** pursuant to Fed. R. Civ. P. 36.

2.      Defendant's Petition to Correct An Illegal Sentence (Dkt. 92) is **MOOT.**

**MEMORANDUM DECISION AND ORDER - 3**

3.      The Clerk of Court shall prepare an Amended Judgment pursuant to Fed. R. Crim. P. 36 to reflect a sentence of imprisonment of 60 months on each of counts 1, 2, 3, 7, and 9 to run concurrently to each other instead of the 66 months contained in the Judgment (Dkt. 77) entered December 2, 2005. All other terms of the Judgment shall remain the same.

DATED: April 2, 2024

B. Lynn Winmill
U.S. District Court Judge